FILED

SEP 15 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                          DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

SABRINA DIANA SAGE,

42 McDonald St.

Shepparton, VIC 3630

Australia

Plaintiff,

v. Civil Action No. 1:25CV01507 RP

AUSTIN INDEPENDENT SCHOOL DISTRICT,

4000 S. IH-35 Frontage Road

Austin, TX 78704

Defendant.

COMPLAINT

Plaintiff Sabrina Diana Sage, appearing pro se, files this Complaint against Defendant Austin Independent School District ("AISD") and states as follows:

I. NATURE OF THE ACTION

1. This is an action for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA").

2. Plaintiff was subjected to pregnancy discrimination, denial of reasonable accommodations, retaliation for taking FMLA leave, harassment, and a hostile work environment while employed as an Assistant Principal at AISD.

3. Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, and all other relief available under federal law.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States, including Title VII, the ADA, and the FMLA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Travis County, Texas, within the Western District of Texas, Austin Division.

## III. PARTIES

6. Plaintiff, Sabrina Diana Sage, is a former employee of Defendant and at all times relevant was employed as an Assistant Principal in Austin, Texas.

7. Defendant Austin Independent School District is a public school district and an employer within the meaning of Title VII, the ADA, and the FMLA. AISD may be served through its Superintendent at 4000 S. IH-35 Frontage Road, Austin, TX 78704.

## IV. PROCEDURAL BACKGROUND

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

9. On or about June [date], 2025, the EEOC issued Plaintiff a Notice of Right to Sue letter.

10. This Complaint is filed within 90 days of receipt of the Right to Sue letter.

## V. FACTUAL ALLEGATIONS

11. Plaintiff was hired by Defendant as an Assistant Principal in 2022.

12. In mid-2022, Plaintiff became pregnant through IVF. Upon learning of Plaintiff's pregnancy, Principal Cathryn Mitchell began subjecting Plaintiff to excessive workloads and hostile treatment.

13. At the start of the 2022–2023 school year, Principal Mitchell assigned Plaintiff all beginning-of-year responsibilities, as well as all 504 meetings and teacher evaluations, tasks normally distributed across the year and shared among administrators.

14. When Plaintiff expressed concern about the workload and the medical risks of high blood pressure during pregnancy, Principal Mitchell dismissed these concerns, stating that Plaintiff

was "not cut out to be an Assistant Principal" and that pregnancy was "not an excuse."

15. Plaintiff's doctor ordered modified duties and remote work to accommodate pregnancy-related hypertension. Defendant refused to provide accommodations and instead forced Plaintiff to take leave early.

16. During her maternity leave, Plaintiff was pressured to continue working on projects remotely without compensation.

17. Upon Plaintiff's return from leave in April 2023, she was issued a negative performance appraisal citing tasks missed while on protected leave.

18. Principal Mitchell told Plaintiff: (a) "Others have cancer and still do the job." (b) "People have no sympathy for you — they all had kids and did their jobs." (c) "If you are not 100%, you should not be working." (d) "Don't talk about pumping in front of the male assistant principal."

19. Plaintiff was further told that if she did not find another job, she would be placed on a growth plan, effectively ending her career.

20. Plaintiff attempted to transfer to another school, but Principal Mitchell blocked the transfer by labeling her a "performance concern."

21. Plaintiff's treatment caused severe postpartum depression, anxiety, and PTSD, requiring extended medical leave and ultimately leading Plaintiff to relocate abroad for her health and family stability.

22. Defendant's actions caused Plaintiff substantial financial loss, emotional distress, and loss of career opportunities.

## VI. CAUSES OF ACTION

Count I – Sex/Pregnancy Discrimination (Title VII/PDA)

23. Defendant discriminated against Plaintiff on the basis of sex and pregnancy by imposing excessive workloads, denying accommodations, issuing false negative evaluations, and creating a hostile work environment.

Count II – Retaliation (Title VII/PDA)

24. Defendant retaliated against Plaintiff for requesting accommodations and taking maternity leave by issuing negative reviews, threatening termination, and blocking transfers.

Count III – Disability Discrimination and Failure to Accommodate (ADA)

25. Plaintiff's pregnancy-related hypertension and postpartum depression/anxiety are qualifying disabilities.

26. Defendant failed to provide reasonable accommodations and instead forced Plaintiff onto unpaid leave.

Count IV – FMLA Interference and Retaliation

27. Plaintiff was entitled to FMLA leave for pregnancy and postpartum recovery.

28. Defendant interfered with Plaintiff's FMLA rights by pressuring her to work during leave and penalizing her for absences.

29. Defendant retaliated against Plaintiff by giving her a negative review, threatening a growth plan, and blocking transfers.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in her favor against Defendant;

B. Award back pay, front pay, and lost benefits;

C. Award compensatory damages for emotional distress and mental anguish;

D. Award punitive damages to deter future discrimination;

E. Order reinstatement or other equitable relief as appropriate;

F. Award costs and such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Sabrina Diana Sage

42 McDonald St.

Shepparton, VIC 3630, Australia

Email: sageteacher83@gmail.com

Phone: +61 0498 440 352

Pro Se Plaintiff