**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SABRINA SAGE,** *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:25-cv-01507-RP** |
| **AUSTIN INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| *Defendant* | § | |

**ORDER**

Before the Court are Defendant's Motion to Dismiss Plaintiff's Original Complaint, filed January 8, 2026 (Dkt. 6); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed January 13, 2026 (Dkt. 7); and Defendant's Reply in Support of Motion to Dismiss Plaintiff's Original Complaint, filed January 19, 2026 (Dkt. 8).[1]

## I. Background

Sabrina Sage brings this pregnancy and disability discrimination suit against her former employer Defendant Austin Independent School District ("AISD").

### A. Allegations

Sage alleges the following in her Complaint (Dkt. 1): She worked as an Assistant Principal at an AISD middle school from 2022 through 2023. *Id.* ¶ 11. In mid-2022, she became pregnant. *Id.* ¶ 12. After AISD learned of her pregnancy, Sage was subjected to "excessive workloads and hostile treatment." *Id.* ¶ 12. AISD also refused to provide her with accommodations for her

[1] By Text Order entered April 24, 2026, the Honorable Robert Pitman referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

pregnancy-related hypertension and instead forced her to take early maternity leave, and interfered with her maternity leave by requiring her to perform work while on leave. *Id.* ¶¶ 15-16.

When Sage returned from maternity leave in April 2023, she was subjected to a hostile work environment, issued a negative performance appraisal "citing tasks missed while on protected leave," and told that if she did not find another job she would be placed on a performance improvement plan. *Id.* ¶¶ 17-19. Sage tried to transfer to another school, but her supervisor blocked transfer. *Id.* ¶ 20. "Plaintiff's treatment caused severe postpartum depression, anxiety, and PTSD, requiring medical leave and ultimately leading Plaintiff to relocate abroad [Australia] for her health and family stability." *Id.* ¶ 21.

**B. Litigation**

The EEOC issued its Determination and Notice of Rights letter on June 17, 2025, dismissing the charge of discrimination and notifying Sage that she had 90 days from receipt of the notice to file suit. Dkt. 1-2. Proceeding *pro se*, Sage filed suit on September 15, 2025, asserting sex/pregnancy discrimination under the Pregnancy Discrimination Act ("PDA") and the Americans with Disabilities Act ("ADA"); retaliation under the PDA; disability discrimination and failure to accommodate under the ADA; and retaliation and interference under the Family and Medical Leave Act ("FMLA"). Dkt. 1 ¶¶ 23-29.

AISD moves to dismiss Sage's Complaint for insufficient service of process under Rules 12(b)(2) and 12(b)(5) and for violations of statutes of limitations and failure to state a plausible claim for relief under Rule 12(b)(6).

## II. Motion to Dismiss for Insufficient Service

Under Rule 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process.[2] The rule "provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 350 (E.D. La. 2011) (citation omitted).

When a defendant moves to dismiss for insufficient service of process, the plaintiff has the burden to show that service was valid. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In considering a motion to dismiss for lack of service of process, a court may properly look beyond the pleadings to determine whether service was sufficient. *Harris v. HireRight LLC*, No. 3:23-CV-01679-E, 2024 WL 4805375, at *2 (N.D. Tex. Nov. 15, 2024). A district court has broad discretion to dismiss an action for ineffective service. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

### A. Rule 4 Requirements

AISD argues that it should be dismissed under Rule 4(m) because Sage did not properly serve it under Rule 4. "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[2] AISD seeks dismissal for insufficient service of process under both Rules 12(b)(2) and 12(b)(5). "While improper service can eliminate a court's jurisdiction, improper service is challenged under Rule 12(b)(5), not Rule 12(b)(2)." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 647 (E.D. Tex. 2023); *see also Williams v. City of Fort Worth*, No. 4:25-CV-574-P-BJ, 2025 WL 2655357, at *1 (N.D. Tex. Aug. 20, 2025) (considering motion to dismiss for improper service only under Rule 12(b)(5), not 12(b)(2)).

The procedural requirements for service of a complaint and summons are set forth in Rule 4. Rule 4(c)(1) provides that the plaintiff must have the summons and complaint served within the time allowed by Rule 4(m). "Any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2). Rule 4(m) requires the plaintiff to serve the defendant within 90 days of the filing of the complaint. It provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Sage sues a local governmental entity, service also must comply with Rule 4(j)(2):

> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Texas Rule of Civil Procedure 103, in turn, provides:

> Process including citation and other notices, writs, orders, and other papers issued by the court may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified by the Judicial Branch Certification Commission. Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending. But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . .

When service is made by registered or certified mail as authorized under Texas Rule of Civil Procedure 106, "the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c).

The serving party bears the burden of proving good cause for failure to timely serve a defendant. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

> Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Id.* (citations omitted). A litigant's *pro se* status excuses neither failure to effect service nor lack of knowledge of the Rules of Civil Procedure. *Id.* at 512.

**B. Analysis**

Sage made two attempts to effectuate service on AISD by certified mail: first on October 17, 2025, when she personally mailed a copy of the Summons and Complaint to AISD Superintendent Dr. Matias Segura, Dkt. 6-2 at 2, and again on November 8, 2025, when her husband, Glen Robert Sage, sent a copy of the Summons and Complaint to Segura "by international registered mail from Australia," Dkt. 4 at 1. Neither attempt was successful.

The first service attempt was deficient because both Rule 4 and Texas Rule of Civil Procedure 103 prohibit a party to the action—such as Sage—to serve process, even by mail. FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103 (providing that "no person who is a party to or interested in the outcome of the suit may serve any process in that suit"). There is no exception for pro se litigants. *Le v. Gen. Motors Co.*, No. H-25-209, 2026 WL 1010114, at *3 (S.D. Tex. Apr. 13, 2026) (quoting *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015)).

The second attempt at service by Sage's husband also was deficient. Because Sage's husband is a party "interested" in the outcome of this suit, Texas Rule of Civil Procedure 103 precludes him from personally serving the complaint and summons, even by mail. *Holland v. Weisfelner*,

No. 4:18-CV-4461, 2019 WL 3290862, at *4 (S.D. Tex. July 1, 2019) (finding that service by a plaintiff's relative or spouse is deficient under Rule 4(m) and Texas Rule 103), *R. & R. adopted*, 2019 WL 3288046 (S.D. Tex. July 22, 2019). Sage offers no evidence that her husband was authorized under the Texas Rules of Civil Procedure to serve the Complaint and summons.

In addition, while the tracking information attached to the Affidavit states that an unidentified item was "delivered with signature," Dkt. 4 at 3, Sage does not attach a return receipt with the addressee's signature, as required by Texas Rule of Civil Procedure 107(c). The Court finds that AISD was not properly served under Rule 4.

Under Rule 4(m), Sage had 90 days from filing her Complaint on September 15, 2025 to serve AISD, so service had to be completed by December 15, 2025. Because Sage did not comply with the 90-day deadline, the Court "must" either dismiss this case without prejudice or order that service be made within a specified time.

Sage argues that AISD was properly served because it acknowledges that it received her mailing in October 2025 and so "had actual notice of this lawsuit and suffered no prejudice." Dkt. 7 at 2. Actual notice of insufficient service alone does not satisfy Rule 4. *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 291 (5th Cir.), *cert. denied*, 146 S. Ct. 826 (2025); *see also Omni Cap. Int'l*, 484 U.S. at 104 (stating that service under Rule 4 "must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum").

Sage does not show good cause for her failure to serve. She offers no reason for not timely serving AISD other than her *pro se* status and her belief that formal service was unnecessary because AISD was aware of the suit. Neither constitutes good cause. *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Nor has Sage tried to correct the service deficiencies in the six months since AISD identified them in its motion to

dismiss for insufficient process. For these reasons, Sage has not shown good cause under Rule 4(m). Because AISD was not properly served under Rule 4, the Court lacks personal jurisdiction over it, and the Court cannot address the merits of AISD's Rule 12(b)(6) motion to dismiss until AISD is properly served. *Omni Cap. Int'l*, 484 U.S. at 104; *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void.").

But the Court disagrees with AISD that Sage's Complaint should be dismissed at this time. "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). A discretionary extension may be warranted if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *Id.* (quoting advisory committee's notes to Rule 4(m)). Sage requests leave to cure any service defects in her response to the motion to dismiss. Dkt. 7 at 5.

This Magistrate Judge grants Sage a ***two-week*** extension of time to properly serve AISD under Rule 4(m). ***If Sage fails to serve AISD within two weeks, this Magistrate Judge will recommend that Judge Pitman dismiss this suit under Rule 4(m) for insufficient service of process.***

## III. Order

The Court **GRANTS** Plaintiff Sabrina Sage a two-week extension of time to serve Defendant Austin Independent School District. Plaintiff must provide proof of proper service on Defendant **by July 31, 2026**.

**SIGNED** on July 16, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE